991 F.2d 792
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luther RUTH, Defendant-Appellant.
 No. 91-5327.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 29, 1993
Decided: April 20, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-90-91-S)
 Cynthia W. Lobo, Nicholas G. Karambelas, for Appellant.
 Richard D. Bennett, United States Attorney, Barbara S. Sale, Assistant United States Attorney, for Appellee.
 D.Md.
 AFFIRMED.
 Before LUTTIG, Circuit Judge, and BUTZNER and CHAPMAN, Senior Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Luther Ruth was convicted by a jury of conspiracy to distribute heroin and to possess heroin with intent to distribute in violation of 21 U.S.C.A. § 846 (West Supp. 1992). He appeals his sentence, alleging that the district court erred in enhancing his sentence for obstruction of justice* based on its finding that Ruth committed perjury at his trial. We affirm.
 
 
 2
 Ruth was convicted on evidence that he negotiated with a federal undercover agent and an informant to buy two kilograms of heroin and received a gram of heroin as a sample during the negotiation. At trial, Ruth testified that he received a gram of heroin from an undercover officer in the belief that he was gathering information to assist the Maryland State Police and that he would be paid for his efforts. He testified that he ingested the heroin. A Maryland State Police detective testified that Ruth did in fact contact him the day after the one-gram transaction, and discussed the possibility of cooperation. However, Ruth gave few details about the previous day's transaction, and told the detective he had sold the gram of heroin. Thereafter, he did not contact the authorities again.
 
 
 3
 At Ruth's sentencing, the district court found that Ruth had committed perjury at trial. It found that Ruth's testimony that he believed he was assisting the police when he received the gram of heroin was materially false and intended to mislead the jury. The court increased Ruth's base offense level by two levels for obstruction of justice under guideline section 3C1.1. We find no clear error in the district court's determination that Ruth obstructed justice. The sentence enhancement was therefore required under the guidelines and was not unconstitutional. United States v. Dunnigan, 61 U.S.L.W. 4180 (U.S. 1993).
 
 
 4
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov. 1990)